1
2
3
4
5
6
7
8          UNITED STATES DISTRICT COURT

9          SOUTHERN DISTRICT OF CALIFORNIA

10

11  RUSSELL OWENS,                    )   Civil No. 03-CV-2570-L(NLS)
                                      )
12              Plaintiff,            )   **ORDER DENYING MOTION TO**
                                      )   **VACATE DEFAULT JUDGMENT;**
13  v.                                )   **DENYING MOTION TO SET ASIDE**
                                      )   **DEFAULT; AWARDING DAMAGES**
14  DEPUTY SHERIFF NEWSOM,            )   **OF $750.00; and DIRECTING**
                                      )   **ENTRY OF JUDGMENT**
15              Defendant.            )
                                      )   **[doc. #23]**
16  _____      )

17          On December 23, 2003, plaintiff, a *pro se* prisoner who was granted *in forma pauperis*

18  status, filed the above-captioned case against defendant Deputy Sheriff Newsome.[1]  Plaintiff's

19  first attempt at service of process was returned unexecuted.  Plaintiff again returned U.S.

20  Marshal Form 285 in an attempt to effectuate service of process on defendant.  Plaintiff's second

21  attempt at service was successful insofar as service was accepted on behalf of defendant by

22  Sergeant Faulkner at 220 W. Broadway, San Diego, California[2], on August 25, 2004 [doc. #10].

23          As noted in the Court's Order filed July 16, 2004 [doc. #9], in cases involving plaintiffs

24  who are proceeding *in forma pauperis*, such as plaintiff, the United States Marshal, upon order

25

26          [1]      Plaintiff has spelled defendant's last name both with and without a final "e".
27  Defendant's correct name is Daniel Newsom.

28          [2]      Defendant states that this is the address for the Sheriff's Court Services Bureau but
    does not indicate the purpose and function of the Sheriff's Court Services Bureau.

1    of the court, is authorized to serve the summons and the complaint.  *See* 28 U.S.C. § 1915(d).  A

2    *pro se* plaintiff is required to provide a mailing address to the United States Marshal in order to

3    effectuate service of process by the Marshal Service.  When plaintiff is incarcerated, plaintiff is

4    not required to provide the home address of a prison or jail staff defendant's home address and is

5    regularly prohibited for learning of a defendant's home address for security reasons.

6          Plaintiff sought entry of default on December 13, 2004, because defendant Newsome had

7    not filed an Answer or otherwise responded to the summons and Complaint [doc. #12].  The

8    Clerk of the Court entered default on December 14, 2004 [doc. #13].  On January 18, 2005,

9    plaintiff filed a motion for default judgment.  In denying the motion for default judgment

10   without prejudice, the Court noted that plaintiff failed to serve a copy of his motion on

11   defendant. Order filed January 19, 2005 [doc. #16].  In that same Order, plaintiff was advised

12   that he was required to "obtain a hearing date from the law clerk of the judge to whom the case

13   is assigned . . . ."  *Id.*  Plaintiff was further advised that he was required to obtain a hearing date

14   "**prior to** filing his motion."  *Id.* (Emphasis in original).

15         On June 22, 2005, plaintiff attempted to file a second motion for default judgment.  The

16   Clerk of the Court prepared a Notice of Document Discrepancies because plaintiff failed to

17   provide a time and date for hearing the motion and/or supporting documentation as required

18   under Civil Local Rule 5.1(j.4); however, the Court accepted for filing plaintiff's second motion

19   for default judgment because plaintiff provided a certificate of service along with his second

20   motion for default judgment.  The Court also set a briefing schedule on the second motion for

21   default judgment. *See* Order filed June 29, 2005 [doc. #17].  Defendant did not file an opposition

22   to the second motion for default judgment.   The Court notes that its Order have been sent to the

23   220 W. Broadway address until counsel made an appearance and no Court mailings have been

24   returned as being undeliverable to defendant.

25         On July 21, 2005, the Court granted plaintiff's motion for default judgment as to liability

26   only, and ordered plaintiff to file and serve evidentiary materials supporting the amount of

27   damages to which plaintiff claimed to be entitled.  *See* Order filed July 21, 2005 [doc. #21].

28   Plaintiff timely filed and served upon defendant a document in support of damages.  In the

03cv2570

present motion, defendant asserts that the Sheriff's Legal Affairs office first contacted the Office of County Counsel on August 3, 2006 and provided copies of the Court's July 21, 2005 Order which granted plaintiff's motion for default judgment as to liability only and the Court's June 29, 2005 Order.  Thus, even though County Counsel knew by August 3, 2005 of the Court's Order requiring defendant to file an objection, if any, to plaintiff's evidentiary materials not later than August 24, 2005, defendant did not do so.  Nor did defendant seek an extension of time in which to file an objection to the evidentiary materials.

On September 13, 2005, defendant filed a motion to vacate the default judgment and to set aside the entry of default contending that service was not properly effectuated on defendant.[3] Plaintiff opposes the motion and defendant filed a reply in support of his motion to vacate.

## MOTION TO SET ASIDE DEFAULT AND DEFAULT JUDGMENT

Federal Rules of Civil Procedure 55(c) allows the court to set aside an entry of default for good cause.  FED. R. CIV. P. 55(c).  If, however, a default judgment has been entered, relief from judgment may only be granted "in accordance with Rule 60(b)."  *Id.*  In general, a more lenient standard is applied to setting aside entry of default than is applied to vacating a default judgment: "The different treatment of default entry and judgment by Rule 55(c) frees a court considering a motion to set aside default entry from the restraint of Rule 60(b) and entrusts determination to the discretion of the court."  *Hawaii Carpenters' Trust Funds v. Stone*, 794 F.2d 508, 511-12 (9th Cir. 1986). Rule 55(c) provides that "[f]or good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)." FED. R. CIV. P. 55(c).  Where timely relief from entry of default

---

[3]     In footnote 2 found in his motion, defendant states that service was also improper because it did not occur within 120 days of the filing of the complaint. (Dft.'s Memo. at 5). Defendant is incorrect.  When a complaint is "filed" along with an application to proceed IFP, the Court must take care to protect *pro se* plaintiffs from the consequences of confusion or delay attending the resolution of an IFP motion for purposes of effecting service under Federal Rule of Civil Procedure 4.  *See Robinson v. America's Best Contacts & Eyeglasses*, 876 F.2d 596, 598 (7th Cir. 1989);*.see also Romand v. Zimmerman,* 881 F. Supp. 806, 810 (N.D.N.Y. 1995)(Although Rule 4 provides that the complaint and summons must be served on Defendants within 120 days "of the filing of the complaint," where a pending application for IFP status delays the process of service, it is not proper to dismiss the action for failing to serve within 120 days of the original presentation of the complaint to the court.  "Simple justice"  requires that the summons need not be issued and service had until the IFP application is ruled upon.).  Here, service was timely.

1   is sought and the movant has a meritorious defense, a decision on the merits is favored.

2   *O'Connor v. Nevada*, 27 F.3d 357, 364 (9th Cir. 1994).

3          Once a default judgment has been entered, however, an aggrieved party must proceed

4   under Rule 60 which provides relief from judgment or order for mistakes, inadvertence,

5   excusable neglect, newly discovered evidence, or fraud to have the judgment set aside, rather

6   than under the rule for setting aside a default. FED.R.CIV.P. 55(c).  Three factors govern the

7   vacating a default judgment under Rule 60(b). *See TCI Group Life Ins. Plan v. Knoebber*, 244

8   F.3d 691, 696 (9th Cir. 2001).  Those factors include "whether the defendant's culpable conduct

9   led to the default; whether the defendant has a meritorious defense; and whether reopening the

10   default judgment would prejudice the plaintiff." *Id.*

11          Here, defendant bears the burden of demonstrating that all three factors weigh in favor of

12   vacating the default judgment. *Cassidy v. Tenorio*, 856 F.2d 1412, 1415 (9th Cir. 1988).  "This

13   tripartite test is disjunctive." *Hammer v. Drago*, 940 F.2d 524, 525-26 (9th Cir. 1991).  This

14   means that the motion may be denied if any one of the three factors is true. *American Ass'n of*

15   *Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1108 (9th Cir.2000).  Thus, a finding that

16   the plaintiff will be prejudiced, or that the defendant lacks a meritorious defense, or that the

17   defendant's own culpable conduct prompted the default is sufficient to justify the district court's

18   refusal to vacate a default judgment." *Cassidy* at 1414. The burden is on the movant to show

19   that these circumstances are met. *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 696 (9th

20   Cir. 2001) (citing *Cassidy*, 856 F.2d at 1415).

21          **1. Culpable Conduct**

22          Although not addressing the factors of Rule 60 in any manner, defendant[4] appears to

23   suggest that his conduct was not culpable in failing to respond to plaintiff's Complaint within the

24   time provided by the Federal Rules of Civil Procedure because plaintiff "attempted to effect

25   service upon an individual who is not authorized to accept service on behalf of Deputy Newsom,

26   and his attempt at service failed to satisfy the requirements of the California Code of Civil

27   Procedure for 'substitute service.'" (Motion at 1-2).  In support of his argument, Deputy

28

---

[4]          Defendant is represented by the Office of County Counsel, County of San Diego.

1  Newsom states in his affidavit that he has been assigned to the San Diego Central Jail at 1173

2  Front Street, San Diego, since July 3, 2002, and he never gave written or verbal authorization to

3  Sgt. Julius Faulkner to accept service of process on his behalf.  (Newsom Declar. at 1, ¶¶ 2, 3).

4  Defendant Newsom does not state who he has authorized to accept service of process on his

5  behalf.  Nor is there any showing that a policy exists whereby a jail officer must designate in

6  writing or verbally who is authorized to accept service of process on his or her behalf when

7  service is made for a *pro per* plaintiff by the United States Marshal's Office.  Moreover,

8  defendant does not provide any information concerning whether Sgt. Faulkner was or is

9  authorized to accept service for any Sheriff's Office employee.

10  As noted above, an incarcerated *pro se* plaintiff proceeding *in forma pauperis* is entitled

11  to rely on the U.S. Marshal for service of the summons and complaint, when plaintiff has

12  provided the necessary information to help effectuate service.  *Puett v. Blandford*, 912 F.2d 270,

13  275 (9th Cir. 1990).  Once the United States Marshal has delivered the complaint and summons

14  to the address designated by plaintiff and service accepted on behalf of defendant, service of

15  process in the case of incarcerated plaintiff's proceeding *in forma pauperis* has been effectuated.

16  Defendant was not required to send any further acknowledgment of receipt of the complaint and

17  summons.  Certainly if a defendant believes service of process is defective, a Rule 12(b)(5)

18  motion is appropriately filed.

19  Defendant also suggests that Federal Rule of Civil Procedure 4(e) requires that the

20  defendant must personally be served but because plaintiff is incarcerated, he is not permitted

21  access to the home addresses of prison officials and/or employees and service of process upon

22  prison employees must be directed to their employers' place of business or other specified

23  location.  Defendant does not and cannot assert that Sheriff's Office employees regularly receive

24  service of complaints and summons by having those documents personally hand delivered to

25  them by the Marshal Service rather than presented to an officer of the Sheriff's Department

26  designated to accept service of process for delivery to the named defendant.  Sgt. Faulkner

27  accepted service of process on defendant's behalf.  In the absence of any proof that Sgt. Faulkner

28  has not been authorized to accept service of process for employees of the Sheriff's Office, the

03cv2570

1   Court finds that Sgt. Faulkner was authorized to accept service of process on behalf of jail

2   employees, including defendant Newsom.

3         Defendant also suggests that the complaint and summons failed to be delivered to the

4   proper location, *i.e.,* the San Diego Central Jail where defendant worked or defendant's home.

5   (Memo. in support of motion at 2 ("Plaintiff, through the U.S. Marshal, attempted service of

6   process upon 'Deputy Newsome' by delivering a copy of the summons and complaint to

7   Sheriff's Sergeant Julius T. Faulkner **at the Central Jail**." (Emphasis added))).  Plaintiff had

8   prepared the Process Receipt and Return indicating service was to be directed to Sheriff Deputy

9   Newsom at 220 W. Broadway, P.O. Box 85306, San Diego, CA 92186-5306.  Defendant states

10  that this is the mailing address for the Sheriff's Court Services Bureau.  Sgt. Faulkner accepted

11  service of process on August 25, 2004 at the location indicated on the Process Receipt and

12  Return.  *See* docket number 10.  Defendant does not state what Sergeant Faulkner did with the

13  summons and complaint after he received them or what happened to any subsequently delivered

14  documents.  Nor does defendant give any indication of whether a practice or policy exists at the

15  Central Jail or the Sheriff's Court Services Bureau for accepting and/or handling legal materials,

16  specifically summons and complaints, that are delivered to either location.  The Court notes that

17  County Counsel acknowledges that it ultimately received notice of the motion for default

18  judgment by documents plaintiff served to the Court Services Bureau address, *i.e.,* 220 W.

19  Broadway.

20        Defendant relies on *Mason v. Genisco Technology Corp.* 960 F.2d 849 (9th Cir. 1991) to

21  argue that a person is not bound by a judgment when service of process fails.  *Mason* is not

22  apposite.  In *Mason*, plaintiff Genisco attempted to serve Mason by mailing copies of the

23  summons and complaint to his residence by first-class mail, postage prepaid, return receipt

24  requested.  With the summons and complaint, plaintiff included a notice and acknowledgment

25  form.  Mason never signed and returned the acknowledgment form.  Default judgment was

26  entered against Mason.  Mason brought a second action against Genisco asserting the same or

27  similar causes of action.  If the earlier judgment was valid, *res judicata* would come into play.

28  Mason correctly argued that the earlier judgment was void because Genisco did not properly

serve its complaint.  The Ninth Circuit agreed.  Mason never acknowledged service of the

complaint and summons.  Accordingly, plaintiff was required to attempt follow-up service by

some other method.

In sharp contrast to *Mason,* incarcerated and *pro per* plaintiff here has a receipt of service

noting that Sgt Faulkner accepted service on behalf of defendant Newsom.  Service is effective

unless defendant challenges the service of process.  There is, however, the initial hurdle

defendant must meet in the present situation – meeting the requirements of Rule 60.

Here, Sgt. Faulkner accepted service of process on behalf of a Sheriff's Office employee.

Defendant does not trace what happened to the summons and complaint after its acceptance by

Sgt. Faulkner.  The summons and complaint may have been misplaced, mis-delivered, or ignored

within the Sheriff's Office.  Whatever its trajectory, the plaintiff provided the United States

Marshal's Office with an address whereby defendant could be served personally or where

defendant would, at a minimum, receive notice of the action so that service could be challenged

if defendant believed that service was defective.   That the documents were allegedly not

directed to the defendant once delivered to the defendant's place of employment or other

reasonable location, i.e., the Sheriff's Court Services Bureau, may be negligent on the part of

defendant but such negligence on the part of defendant does not act to a *pro se* plaintiff's

detriment.

According to defendant, after ineffective service of the complaint and summons, plaintiff

– and the Court – mailed various court documents to defendant at 220 W. Broadway, P.O. Box

85306, San Diego, which is the mailing address for the Sheriff's Court Services Bureau.

Defendant asserts that Deputy Newsom's correct business address is San Diego Central Jail,

1173 Front Street, P.O. Box 122952, San Diego, CA 92112-2952.  Defendant contends that

because the address was incorrect, he never received plaintiff's first request for entry of default

or his motion for entry of default judgment.  Again, defendant does not provide any information

concerning how the mailings were directed within the Sheriff's Office once received.  Once

delivered to the Sheriff's Court Services Bureau, it was incumbent upon that office to direct the

mailing to the appropriate addressee.  An incarcerated plaintiff does not bear the burden for

1    faulty mail delivery within the Sheriff's Office.

2          Defendant then states that around July 22, 2005, Deputy Claudie Newsome, not the

3    defendant in this case, received a copy of the Court's July 21, 2005 Order.  Defendant does not

4    provide any information concerning the procedure by which Deputy Claudie Newsome received

5    the Court's Order.  Deputy Claudie Newsome "informed his sergeant about these orders on

6    August 2, 2005; she then contacted the Sheriff's Legal Affairs office, which in turn notified the

7    Office of County Counsel on August 3, 2005."  (Memo. in support of motion at 3).  Defendant

8    does not offer any explanation why he did not, through counsel, immediately access Pacer or

9    investigate the Court file or respond to the then pending motion.  Indeed, defendant's motion to

10   vacate the default judgment and to set aside default was not filed until September 13, 2005, 41

11   days after counsel admittedly was notified of the Court's Orders concerning default and 19 days

12   after the date set for hearing on the issue of damages.

13         "Culpable conduct" generally means "inexcusable."  Most courts, in deciding a motion to

14   set aside default under Rule 55(c), focus on the defaulting party's willfulness and consider

15   whether that party intended to violate court procedures.  *See, e.g., Information Systems &*

16   *Networks Corp. v. United States*, 994 F.2d 792, 796 (Fed.Cir.1993).  Notice of the complaint and

17   failure to respond may constitute "culpable conduct" for the purposes of Rule 60(b) under certain

18   circumstances.  In the present situation, the United States Marshal effectuated service in a

19   manner that is used on a regular basis throughout the federal courts; defendant had an

20   opportunity to challenge that service in a timely fashion but did not do so; and defendant did not

21   offer any explanation of what happened to the complaint and service once served was accepted

22   on defendant's behalf.[5]  It can hardly be suggested that defendant did not know of the legal

23   consequences of failing to respond in a timely manner to service of a Complaint.  Defendant is

24   sufficiently sophisticated and experienced in the requirements of civil law, particularly with

25

26         [5]      The Court takes judicial notice of *Tudor v. County of San Diego*, 02-CV-2000-
     JAH-JMA.  In *Tudor,* an incarcerated *pro per* plaintiff provided no address at all for service of
27   County Sheriff's Deputy Clark, other than the San Diego Central Jail Facility.  *See* doc. #25.  A
     Sergeant at the Vista County Jail accepted service on the Deputy's behalf.  *Id.*  Thereafter,
28   defendant filed a motion to dismiss. *See* doc. #31.  The Court notes that Stephanie Kish, of the
     Office of County Counsel, did not challenge the service of process in the *Tudor* case.  Ms. Kish
     is also counsel of record for defendant here.

respect to *pro se* incarcerated plaintiffs, to protect its interest.  *See e.g., TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 699 (9th Cir. 2001)(citing *Richmark Corp, v. Timber Falling Consultants, Inc.*, 937 F.2d 1444, 1449 (9th Cir. 1999)).   Accordingly, the Court finds defendant's counsel's behavior which caused the entry of default and default judgment to be willful and done with the intent to violate court procedures.

### 2.    Prejudice

Plaintiff may not claim "prejudice" merely from having to prosecute the case on its merits.  Thus, if the sole harm plaintiff may suffer is in the form of additional fees and expenses incurred, prejudice has not been shown.  *See TCI*, 244 F.3d at 701.  To be considered prejudicial, there must be "tangible harm such as loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion."  *Id.* (*quoting Thompson v. American Home Assur. Co.*, 95 F.3d 429, 433-34 (6th Cir. 1996)).

In the present case, prejudice would be in the form of undue delay.  Prejudice is presumed from unreasonable delay.  *In re Eisen*, 31 F.3d 1447, 1452-53 (9th Cir. 1994); *Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991) (as amended) (presuming from elapsed time that a party's ability to prosecute or defend a case has been prejudiced).  Under these circumstances, the Court finds plaintiff would suffer prejudice by setting aside entry of default.

### 3.    Possibility of Meritorious Defense

In the context of a motion to vacate a default judgment, a defendant must present specific facts that would constitute a defense although the movant need only demonstrate facts or law showing the court that a sufficient defense is assertable.  *TCI Group*, 244 F.3d at 700.

Here, defendant makes no showing whatsoever on the viability of a "defense" to the present action.  Thus, the Court finds that defendant has not met his burden of providing "some possibility" that the outcome of this case would be different if it were adjudicated on its merits.

### 4.    Conclusion

Defendant has not met the some possibility of a meritorious defense showing.  The Court further finds and concludes that defendant's conduct was willful and culpable, and plaintiff will be prejudiced if the default is set aside.  Accordingly, the Court will **deny** defendant's motion to

03cv2570

1 | set aside default and default judgment.

2 | **DAMAGES**

3 | The Court has reviewed the medical records that plaintiff has provided to show he

4 | suffered pain and mental distress because of the incident at issue in this case.  The Court finds

5 | that the sum of $750.00 will adequately compensate plaintiff for his injuries.

6 | **CONCLUSION**

7 | Based on the foregoing, **IT IS ORDERED** denying defendant's motion to vacate the

8 | default judgment.  **IT IS FURTHER ORDERED** denying defendant's motion to set aside

9 | default.  **IT IS FURTHER ORDERED** directing the Clerk of the Court to enter judgment in

10 | plaintiff's favor with damages provided in the amount of $750.00.

11 | **IT IS SO ORDERED.**

13 | DATED:  September 25, 2006

15 | M. James Lorenz
United States District Court Judge

18 | COPY TO:

19 | HON. NITA L. STORMES
UNITED STATES MAGISTRATE JUDGE

21 | ALL PARTIES/COUNSEL

10

03cv2570